FILED
United States Court of Appeals
Tenth Circuit

October 30, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DOUGLAS BRUCE,

      Plaintiff - Appellant,

v.

PACIFIC SPECIALTY INSURANCE
COMPANY, and Does I through V,

      Defendants - Appellees.

No. 17-1426
(D.C. No. 1:15-CV-01323-RM-STV)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the resolution of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

    This case involves an insurance dispute involving rental property owned by Plaintiff Douglas Bruce and insured by Defendant Pacific Specialty Insurance Company. The property includes a house—built in 1905—that is split into three

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rental units. On July 7, 2014, a fire occurred on the property, rendering two of the units uninhabitable. Shortly thereafter, Plaintiff filed a claim with the insurer. The adjuster who was hired by the insurer estimated a replacement cost of $42,502.99 for the fire damage to the house. The insurer subtracted Plaintiff's $2,500.00 deductible and $11,455.36 in depreciation from this amount and paid Plaintiff $28,547.63 for the covered loss to the house. The insurer made this payment on August 28, 2014. At that time, the insurer also paid Plaintiff $225.21 for damage to a fence on the property and $9,133.74 for the fair rental value of the two units that were rendered uninhabitable by the fire.

In December 2014, Plaintiff wrote to the insurer disputing the amount he had been paid. Specifically, he demanded payment of the entire amount withheld as depreciation on the house, as well as payment for additional lost rents and for the $11,770 he paid to house his tenants in a hotel while the house was being repaired. The insurer refused to pay these additional demanded amounts.

Plaintiff then filed a complaint in state court, seeking $37,254.11 for breach of contract, plus $74,508.22 as a statutory remedy for bad faith. The insurer removed the action to the federal district court based on diversity of citizenship.

In the federal court, the insurer filed a motion for summary judgment on all claims. The magistrate judge concluded that Plaintiff had shown a material dispute of fact as to his claim of additional lost rents while the house was being repaired, his related claim of bad faith based on these lost rents, and his claim of

-2-

bad faith delay based on the fifty-one days that elapsed between the fire and the insurance payment. The magistrate judge recommended the entry of summary judgment in favor of the insurer on all of Plaintiff's other claims. Following de novo review,[1] the district court agreed with the magistrate judge's recommendation and thus granted in part and denied in part the insurer's motion for summary judgment. The parties then entered into a settlement agreement that disposed of the lost-rent and bad faith claims and reserved Plaintiff's right to appeal from the district court's entry of summary judgment on his other claims. After the district court approved the settlement agreement, Plaintiff filed this appeal.

We review the district court's summary judgment decision de novo, viewing the facts in the light most favorable to Plaintiff. *See Johnson v. Weld Cty.*, 594 F.3d 1202, 1207 (10th Cir. 2010). "At the same time, we review challenges to the district court's determinations regarding what is and is not competent evidence for our consideration at the summary judgment stage for abuse of discretion." *Id.* "Under this standard, a trial court's decision will not be

_____

[1] The district court initially reviewed the magistrate judge's recommendation only for clear error. However, after Plaintiff argued that the court should have considered his "motion for continuance to file objections" as raising timely objections to the magistrate judge's report and recommendation, the district court issued a new order in which it reviewed the magistrate judge's recommendation de novo. Thus, any alleged error in the court's initial review of this case is moot.

reversed unless 'the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

We first consider the district court's grant of summary judgment in favor of the insurer on Plaintiff's breach of contract claim regarding the depreciation of the house. The insurance policy provides that "[c]overed property losses are settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property." (R. at 77.) "Actual Cash Value" is defined as "the replacement cost, less depreciation assessed at the time of loss." (R. at 74.) Plaintiff does not dispute these contractual terms, nor does he dispute the adjuster's calculation of a replacement cost of $42,502.99. He simply argues that the "actual cash value" of the property should have been the full replacement cost, with no depreciation deducted, because his 109-year-old rental property was in good condition at the time of the loss. At most, he argues, the depreciation for the house should have been limited to the two percent depreciation that was applied to the damaged fence on the property.

The district court held that the question of depreciation must be based on expert testimony. The court then concluded that, because Plaintiff had not presented any expert testimony, the insurer's expert evidence of depreciation stood undisputed by any competent summary judgment evidence. The court

-4-

determined that Plaintiff could not rely on his own opinions regarding the property's condition to establish a dispute of fact on this issue because depreciation is a matter of expert opinion, not lay testimony, and Plaintiff had not disclosed himself (or anyone else) as an expert.

We are not persuaded the district court committed reversible error in so ruling. The court correctly held that the question of depreciation could only be established by expert testimony based on our reasoning in *James River Insurance Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214–15 (10th Cir. 2011), and we cannot say that the district court "made a clear error of judgment," *Moothart*, 21 F.3d at 1504, in holding that Plaintiff could not rely on his own opinions to establish the amount of depreciation because he had not properly disclosed himself as an expert. Thus, the only admissible evidence on the question of depreciation was the insurer's, and "'[i]t is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment,'" *Johnson*, 594 F.3d at 1209 (quoting *Wright-Simmons v. City of Okla. City*, 155 F.3d 1264, 1268 (10th Cir. 1998)) (alteration in original). We therefore affirm the district court's entry of summary judgment on this claim.

Plaintiff also briefly argues that the insurer committed fraud and/or bad faith by issuing a policy that would never pay the full amount of coverage due to the extent of depreciation. Plaintiff has not supported this argument with citations to the record or to any supporting authorities. This argument relies

solely on "speculation, conjecture, or surmise," which is insufficient to defeat summary judgment. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

Plaintiff further contends that the district court erred in granting summary judgment on his claims for the expenses he incurred in renting hotel rooms for his tenants while their rental units were being repaired. The district court rejected these claims because the insurance policy contains no contractual requirement for the insurer to cover such expenses. On appeal, Plaintiff does not point to any contractual language that would contradict the district court's ruling; he simply argues that these expenses should have been covered by the insurer because Plaintiff was trying to preserve his leases with the tenants and one of his tenants had a young child. This argument fails to establish a valid claim of breach of contract or bad faith.

Plaintiff also makes the overarching argument that the district court's summary judgment decision violated his Seventh Amendment and due process rights by denying him the jury trial he had paid for in the state court prior to removal. However, "[t]he Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001). Nor does due process require a jury trial where no triable issue exists. *See Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 759 (7th Cir. 2006) ("[T]he Supreme

Court has made it abundantly clear that summary judgment has a proper role to play in civil cases, and thus granting summary judgment does not violate a plaintiff's right to due process." (internal quotation marks omitted)).  Because Plaintiff has not shown the entry of summary judgment was improper, he has not established a violation of his constitutional rights based on the entry of summary judgment.

Finally, Plaintiff contends that the district court should have dismissed the case for lack of jurisdiction after rejecting the bulk of his claims, because this reduced the amount of damages he could recover to less than the $75,000.00 level required for diversity jurisdiction.  However, as the district court correctly explained, the amount in controversy for a diversity case is determined based on the circumstances when the complaint was filed.  "Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

For these reasons, and for substantially the same reasons given by the district court and magistrate judge, we **AFFIRM** the district court's summary judgment ruling.  We **DENY** Plaintiff's request for reimbursement of his filing fee and postage.

Entered for the Court

Monroe G. McKay
Circuit Judge

-7-